IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ONTORIO CORTEZ WAYMYERS, SR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL NO. 3:14-CV-49-CAR-CHW |
| VS. | : | |
| | : | |
| BRIAN MOORE, *et al.,* | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Ontorio Cortez Waymeyers, Sr. has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff's motion to proceed *in forma pauperis* has been granted and Plaintiff has paid the assessed initial partial filing fee. Plaintiff is reminded that this does not mean that the filing fee is waived. Plaintiff is still required to eventually pay the full amount of the $350.00 filing fee using the payment plan described in 28 U.S.C. § 1915(b). The filing fee is not refundable, regardless of the outcome of Plaintiff's case, and Plaintiff is responsible for paying the entire filing fee even if his lawsuit is dismissed prior to service. Plaintiff's complaint is now before the court on preliminary review.

## DISCUSSION

### I.      STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent

standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Even so, a district court must dismiss a prisoner complaint after the initial review if: (1) it is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (requiring the same of pleadings filed by parties proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

When determining whether a complaint fails to state a claim, the Court must accept as true all facts set forth in the Plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)."). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, a complaint should not be dismissed "simply

2

because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because the factual allegations were insufficient to support alleged constitutional violation); s*ee also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II.  STATEMENT OF CLAIMS

In his complaint, Plaintiff, who is currently incarcerated at the Stephens County Jail[1] in Toccoa, Georgia, has sued the Greene County Sheriff's Department, as well as its Sheriff Larry Chris Houston and Sergeant Brian Moore. Plaintiff has also sued Yearwood Towing and two John Doe Defendants, first names John and Robert, who are possibly owners or employees of Yearwood Towing at the time of the acts in question. (Compl. p. 1; Doc. 1.)  Plaintiff asserts that on May 20, 2013, he was wrongfully arrested by the Richland County Sheriff's Department in Columbia South Carolina, for being a "Fugitive from Justice." Plaintiff states that he signed a waiver of extradition and was told Greene County had twenty-one (21) days to pick him up. Plaintiff's vehicle, a 1998 Cadillac El Dorado, was thereafter impounded and was placed on a

---

[1] Plaintiff is currently incarcerated on a one-year sentence imposed on November 25, 2013, for possession of a firearm by a convicted felon. (Compl. p. 1.)

3

"Hold" so that the Greene County Sheriff's Department could pick it up as evidence. On June 12, 2013, Plaintiff was extradited to Georgia, and taken to the Greene County Detention Center. Plaintiff asserts that he was granted bond, but that Defendant Sergeant Moore "went and talked to the Judge," and Plaintiff was later told that his "bond was taken back." On November 24, 2013, the charges against Plaintiff were dismissed. Plaintiff's lawyer then told him that his vehicle had been sold by the towing service that towed it to Greene County. Thus, Plaintiff contends that he was deprived of his vehicle and his freedom and that he was wrongfully imprisoned. Plaintiff seeks replacement of his vehicle and $75,000 for pain and suffering.

## III. ANALYSIS

### A. Greene County Sheriff's Department

The Georgia Supreme Court has explained that there are only three classes of legal entities: "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial person as the law recognizes as being capable to sue." *Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 258 Ga. 317, 318 (1988) (quoting *Cravey v. Se. Underwriters Assn.,* 214 Ga. 450, 453 (1958)). The Greene Sheriff's Department is none of these. "Sheriff's departments and police departments are not usually considered legal entities subject to suit." *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992)*; see also Robinson v. Hogansville Police Dep't*, 159 F. App'x 137, 138 (11th Cir. 2005) ("We have recognized that sheriff's departments and police departments are not usually considered legal entities subject to suit.") Therefore, any claims against the Greene County Sheriff's Department should be **DISMISSED.** Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. *See* 28 U.S.C. § 636(b)(1).

4

### B. Defendant Sheriff Larry Chris Houston

Plaintiff's complaint fails to allege any claims against Sheriff Larry Chris Houston. It is apparent from his allegations that Defendant Houston is named solely because of his supervisory position. "While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how *overt acts* of the defendant caused a legal wrong." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citation omitted) (emphasis added). Defendant Houston cannot be liable solely by virtue of his supervisory position. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999). To state a claim against a supervisory official, Plaintiff must allege that the supervisor "personally participate[d] in the alleged unconstitutional conduct or . . . there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F. 3d 1352, 1360 (11th Cir. 2003). Plaintiff's complaint makes no attempt to connect Defendant Houston to the acts in question. Therefore, Plaintiff's claims against Defendant Houston should be **DISMISSED**. Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. *See* 28 U.S.C. § 636(b)(1).

### C. "John Doe" Defendants

It is noted that fictitious party pleading is not generally permitted in federal court. A plaintiff may sue an unknown defendant only when he sufficiently identifies the defendant to allow service of process. *Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009); *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992). Plaintiff has not sufficiently identified Defendants "John, Robert, Yearwood-Towing" so as to allow for service. Thus, to the extent that Plaintiff has named any "John Doe" Defendants, those Defendants are hereby **DISMISSED**

from this action.

### D.     Defendant Sergeant Brian Moore

Plaintiff has also sued Greene County Sheriff's Department Sergeant Brian Moore. Specifically, Plaintiff alleges that upon his arrival at the Greene County Jail, he told Sgt. Moore that he "did not steal the said vehicle." After being booked into the jail, Plaintiff alleges that Sgt. Moore told him that if he was "not going to tell him who stole the vehicle [Plaintiff] will not get a 'bond' and [he] will sit in jail." Plaintiff then alleges that he was given a bond on June 12, 2013, but that Sgt. Moore "went and talked to the Judge and the officer at the jail Cpl. Mosley stated to [Plaintiff] that [his] bond was taken back." The charges against Plaintiff were allegedly dropped on November, 24, 2013.

Plaintiff's allegations, when liberally construed and read in his favor, are sufficient to allow Plaintiff's wrongful arrest claims against Sgt. Moore to go forward. The Court thus will not dismiss these claims at this early stage of the proceedings; and Plaintiff's claims will be allowed to go forward for further factual development.

### E.     Defendant Yearwood Towing

Lastly, Plaintiff has sued Yearwood Towing, which does business in Greensboro, Georgia, as Yearwood's Auto Service. In his complaint, Plaintiff alleges that he was unconstitutionally deprived of his vehicle when Yearwood Auto Service impounded and then sold Plaintiff's Cadillac.

Conduct by a private business which causes a constitutional deprivation must be "fairly attributable" to the state to be considered under color of state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The Court considers certain factors to determine whether the private business can be considered a state actor. Those factors include examining the extent to which

the actor relies on governmental assistance and benefits, whether the actor is performing a traditional government function, and whether the incident is aggravated in a unique way by the incidents of governmental authority. *Edmonson v. Leesville Concrete Co.,* 500 U.S. 614, 621–22 (1991).

In a factually similar case, the Eighth Circuit held that a towing company who seized Plaintiff's vehicle, which was seized for evidentiary use in a criminal investigation at the behest of the Sheriff's Department, was a state actor for the "limited purpose of being responsible for the whereabouts of [plaintiff's] truck." *Smith v. Insley's Inc.,* 499 F. 3d 875, 881 (8th Cir. 2007). The Court found that the towing company's act of selling the vehicle "was an action, by someone representing official company policy, redressable by section 1983." *Id.*

Construing Plaintiff's allegations liberally, the Court finds that further factual development of the due process claims against Yearwood Towing is necessary. As such, these claims will be allowed to proceed.

## ORDER OF SERVICE

It is hereby **ORDERED** that service be made on Defendants Brian Moore and Yearwood Towing. The Defendants shall file an Answer or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall, at all times, keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to

promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has

8

been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall

9

be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when discovery begins unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has also filed a motion for appointment of counsel in this case. (Doc. 10). Pursuant to 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the

appointment of counsel" in a section 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989). Plaintiff has set forth the essential factual allegations underlying his claims and the Court will determine whether Plaintiff's allegations support a colorable legal claim. This process is routine in *pro se* prisoner actions and therefore "exceptional circumstances" justifying appointment of counsel do not exist. Accordingly, Plaintiff's motion is **DENIED**.

    **SO ORDERED and RECOMMENDED**, this 7th day of October, 2014.

                                              s/ Charles H. Weigle
                                              Charles H. Weigle
                                              United States Magistrate Judge