THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ONTORIO CORTEZ WAYMYERS, SR., | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 3:14-cv-49 (CAR) (CHW) |
| v. | : | |
| | : | |
| BRIAN MOORE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER ON RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Currently before the Court is the Recommendation of the United States Magistrate Judge [Doc. 11] to dismiss Plaintiff's claims against the Greene County Sheriff's Department, Sheriff Larry Chris Houston, and any "John Doe" Defendants, and allow the claims to go forward against Defendants Sergeant Brian Moore and Defendant Yearwood Towing.  Plaintiff has filed an Objection to the Recommendation.  Accordingly, the Court has made a *de novo* determination of the portions of the recommendation to which Plaintiff objects and agrees with the findings and conclusions of the United States Magistrate Judge.  Plaintiff also clarifies the name of the "John Doe" Defendants, and thus, the Court will substitute Defendant John Robert Yearwood for the "John Doe" Defendants.

1

Plaintiff objects to the dismissal of Sheriff Larry Chris Houston and argues that his claims of supervisory liability against Sheriff Houston should not be dismissed because Houston had "direct knowledge" that Plaintiff was being held on false charges. Direct knowledge, however, is not enough to state a claim for supervisory liability. As explained in the Recommendation, to state a claim against a supervisory official, Plaintiff must allege that the supervisor "personally participate[d] in the alleged unconstitutional conduct or . . . there is a causal connection between the action of [the] supervising official and the alleged constitutional deprivation."[1] Plaintiff has done neither, and therefore the Court finds his objection to be without merit.

Also in the Objection, Plaintiff clarifies that the "John Doe" Defendants identified in the Complaint only as "John" and "Robert" are actually John Robert Yearwood, the general manager of Yearwood Towing. Thus, John Robert Yearwood, general manager of Yearwood Towing, will be substituted for the John Doe Defendants in this case.

Accordingly, the Magistrate Judge's Recommendation [Doc. 11] is **ADOPTED** and **MADE THE ORDER OF THE COURT**, with the only exception being that instead of dismissing the "John Doe" Defendants, the Court will substitute John Robert Yearwood. Thus, Plaintiff's claims against the Greene County Sheriff's Department and Sheriff Larry Chris Houston are hereby **DISMISSED**. Plaintiff's claims against

---

[1] *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

Sergeant Brian Moore, Yearwood Towing, and John Robert Yearwood are allowed to proceed.  The Clerk of the Court is **DIRECTED** to substitute John Robert Yearwood, general manager of Yearwood Towing, for the "John Doe" Defendants in this action, and it is **ORDERED** that service be made on Defendant Yearwood.  Defendant Yearwood must file an Answer or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

      **SO ORDERED**, this 23rd day of June, 2015.

                                        S/  C. Ashley Royal
                                        C. ASHLEY ROYAL
                                        UNITED STATES DISTRICT JUDGE